IN THE UNITED STATES BANKRUPTCY COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | | |
|---|---|---|
| IN RE: § | | |
| § | | |
| JBJ DISTRIBUTORS, LLC § | CASE NO. 23-10459 | |
| EIN: 87-3794658 § | | |
| 1036 NEDERLAND AVE. § | | |
| NEDERLAND, TX 77627 § | | |
| § | CHAPTER 7 | |
| DEBTOR | | |
| STEPHEN J. ZAYLER § | | |
| PLAINTIFF § | ADVERSARY PROCEEDING | |
| § | NO. _____ | |
| vs. § | | |
| § | | |
| BRIAN ROMERO § | | |
| DEFENDANT § | | |

## ORIGINAL COMPLAINT

**TO THE HONORABLE JUDGE OF SAID COURT:**

COMES NOW, Stephen J. Zayler, Chapter 7 Trustee ("Plaintiff" or "Trustee") filing this Original Complaint and respectfully showing the Court as follows:

### A. JURISDICTION, VENUE AND NATURE OF COMPLAINT

1. Stephen J. Zayler is the duly qualified and appointed chapter 7 trustee in the underlying bankruptcy case of *In re JBJ Distributors, LLC, Case No. 23-10459* now pending in the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division (the "Bankruptcy"). The Bankruptcy has not been closed and Trustee has standing to bring these claims and causes of action and to recover property of this Chapter 7 bankruptcy estate.

2. The Court has jurisdiction over this adversary proceeding and the parties under 28 U.S.C. §1334 and 11 U.S.C. §544, §547, §548, and/or §550.

3. This is a core proceeding under 28 U.S.C. §157(b)(2)(F), (H), and/or (O).

4. Trustee consents to the entry of final orders or judgment by the bankruptcy judge in this adversary proceeding.

5. This complaint is filed within the time permitted and required by law.

6. This complaint is made pursuant to Bankruptcy Rules 7001 et seq.

7. Venue in this district and division is proper under 28 U.S.C. §1409.

8. Trustee's complaint seeks to avoid and recover from Defendant all fraudulent transfers of property pursuant to Sections 548 and 550 of the Code and Sections 24.005(a) and 24.006(a) of TUFTA. Trustee's complaint also seeks to avoid and recover from Defendants all preferential transfers of property that occurred on or within one year before the Petition Date, pursuant to Sections 547 and 550 of Title 11 of the United States Code (the "Code"). Trustee also seeks to avoid and recover from Defendants all fraudulent transfers of property pursuant to TEX. BUS. & COM. CODE §24.006(b) (part of Chapter 24 of the Texas Business & Commerce Code, also known as the "Uniform Fraudulent Transfer Act") ("TUFTA").

9. On the Petition Date and on each date of the alleged Transfers described in this Complaint, there were one or more creditors with allowable unsecured claims against Debtor. One, some or all such creditors could have brought the TUFTA claims asserted herein.

### B. PARTIES

10. Brian Romero ("Defendant") is an individual and may be served with process at 2310 Oak Street, Nederland, Texas 77627.

11. JBJ Distributors, LLC ("Debtor") was made the subject of a petition for relief under chapter 7 of the Code on November 14, 2023 (the "Petition Date"). Trustee is the duly appointed

and qualified Chapter 7 trustee of Debtor's bankruptcy estate.

## C. Background

12. Debtor was formed under the laws of the state of Texas on November 29, 2021.

13. Brian Romero, at all times relevant to the allegations made in this Complaint, was an owner of JBJ Distributors, LLC. Romero owned 33.33% of the Debtor's membership interests.

14. Debtor operated as a provider of swimming pool chemicals.

15. For the period of time relevant to this adversary proceeding, Debtor made transfers to Brian Romero. Prior to the Petition Date, Debtor made those payments or other transfers to Romero including, but not limited to, the transfers described on what is attached hereto as Exhibit "1," (separately, each is a "Transfer" and together these are referred to as the "Transfers").[1]

16. On each of the dates of the Transfers described in or otherwise made the subject of this Complaint, Debtor was insolvent within the meaning of §101(32) of the Code.

17. On each of the dates of the Transfers described in or otherwise made the subject of this Complaint, Debtor was insolvent within the meaning of TUFTA §24.003(a).

18. On each of the dates of the Transfers described in or otherwise made the subject of this Complaint, Debtor was not paying its debts as they came due.

19. Each Transfer was a "transfer" within the meaning of §101(54) of the Code.

20. Each Transfer was a "transfer" within the meaning of TUFTA §24.002(12).

21. Each Transfer was the transfer of an interest in Debtor's property.

22. Each Transfer was made within one (1) year of the Petition Date.

23. Romero is, and was at all times relevant to the allegations made in this Complaint,

---

[1] For the avoidance of any doubt, Trustee seeks to recover all avoidable transfers made to Defendants, whether specifically described herein or not.

ORIGINAL COMPLAINT; PAGE 3

an "insider" of Debtor within the meaning of Section 101(31) of the Code and Section 24.002(7) of TUFTA.

24. In each instance, Debtor made the Transfers and received less than reasonably equivalent value in exchange for the Transfers.

25. At the time of each Transfer, Debtor was either a) insolvent, or became insolvent as a result of the Transfer, or b) Debtor was engaged in business or a transaction, or was about to engage in business or a transaction, for which any party remaining with Debtor was an unreasonably small amount of capital, or c) Debtor intended to incur, or believed Debtor would incur, debts that would be beyond Debtor's ability to pay as such debts matured, or d) Debtor made such Transfer to or for the benefit of an insider and not in the ordinary course of business.

26. Each Transfer was made for the direct benefit of an insider and Defendant had reasonable cause to believe that the Debtor was insolvent.

27. Written demand was made by Trustee on Defendants for the payment of some or all of the Transfers. A true and correct copy of the written demand is attached to this Complaint as Exhibit "2".

28. It is Trustee's intention to avoid and recover all Transfers made by Debtor of an interest of the Debtor in property and made to or for the benefit of Defendants whether or not such Transfers are described in this Complaint. Nevertheless, Trustee reserves Trustee's right to amend (to the extent permitted by this Court and the Rules of Bankruptcy Procedure) this Complaint to include (a) further information regarding the Transfers, (b) additional specifically described Transfers, (c) modifications of and/or revisions to the Transfers described herein, (d) additional defendants, and/or (e) additional claims or causes of action.

## D. Claims for Relief

### Count I – Avoidance of Fraudulent Conveyances
### 11 U.S.C. §548 and TUFTA Claims

29. Debtor made the Transfers and received less than reasonably equivalent value in exchange for the Transfers.

30. Alternatively, the Transfers by Debtor to Defendant were made with an actual intent to hinder, delay or defraud an entity to which Debtor was or became on or after the date that such Transfers were made, indebted.

31. The Transfers are avoidable under 11 U.S.C. §548(a), and/or Sections 24.005(a) and 24.006(a) of the TUFTA.

### Count II - Avoidance of Preferential Transfers –
### 11 U.S.C. §547

32. Alternatively, and if Debtor was indebted to Defendants, then the Transfers were made by Debtor and constituted transfers of property in which Debtor owned an interest. In that event, the Transfers were for the benefit of a creditor, for or on account of an antecedent debt, made while Debtor was insolvent, and the Transfers enabled Defendants to receive more than Defendants would have received in a case under Chapter 7 of the Code. Therefore, the Transfers are avoidable under 11 U.S.C. §547.

### Count III - Recovery of Avoidable Transfers – 11 U.S.C. §550

33. Trustee is entitled to avoid the Transfers pursuant to 11 U.S.C. §548, §547 and/or relevant provisions of TUFTA.

34. Defendant is the initial transferees of the avoidable Transfers.

35. Pursuant to 11 U.S.C. §550(a) Trustee is entitled to recover from Defendant the avoidable Transfers, plus interest thereon to the date of payment and the costs of this action.

WHEREFORE, PREMISES CONSIDERED, Trustee requests that this Court grant in the following relief against Defendants:

1. Judgment against Defendant avoiding all the Transfers and directing Defendant to return to Trustee the amounts or values of the Transfers, plus interest to the date of judgment at the maximum legal rate, and to the fullest extent allowed by applicable law all costs and expenses of this action including, without limitation, attorneys' fees;

2. Post-judgment interest at the maximum rate allowed by applicable law; and

3. Such other and further relief to which Trustee may be justly entitled to receive.

Respectfully submitted,

RITCHESON, LAUFFER & VINCENT, P.C.
821 ESE Loop 323, Suite 530
Tyler, Texas 75701
TEL: 903/535-2900
FAX: 903/533-8646

BY: _____
CHARLES E. LAUFFER, JR.
STATE BAR NO. 11989400
COUNSEL FOR STEPHEN J. ZAYLER

# EXHIBIT 1

| Date | Amount | Description |
|---|---|---|
| 07/27/2022 | $3,000.00 | Owner Draw |
| 08/05/2022 | $3,000.00 | Owner Draw |
| 08/12/2022 | $8,000.00 | Owner Draw |
| 09/02/2022 | $4,000.00 | Owner Draw |
| 10/13/2022 | $3,500.00 | Owner Draw |
| 11/19/2022 | $5,288.00 | Owner Draw |
| 12/27/2022 | $2,000.00 | Owner Draw |
| 1/28/2023 | $5,000.00 | Owner Draw |
| 02/24/2023 | $5,000.00 | Owner Draw |
| 04/15/2023 | $6,000.00 | Owner Draw |
| 07/08/2023 | $5,000.00 | Owner Draw |
| TOTAL: | $49,788.00 | |



EXHIBIT 1

RITCHESON, LAUFFER & VINCENT
A PROFESSIONAL CORPORATION
ATTORNEYS AT LAW
TWO AMERICAN CENTER
821 ESE LOOP 323, SUITE 530
TYLER, TEXAS 75701

SCOTT A. RITCHESON
CHARLES E. LAUFFER, JR.
LANCE VINCENT
DOUGLAS A. RITCHESON

TEL: (903) 535-2900
FAX: (903) 533-8646

August 2, 2024

*Via CM, RRR and First Class Mail*
Brian Romero
2310 Oak Street
Nederland, TX 77627

Re: Case No. 23-10459; JBJ Distributors, LLC; In the United States Bankruptcy Court for the Eastern District of Texas, Beaumont Division ("JBJ")

Mr. Romero:

This firm represents Stephen J. Zayler, the duly appointed and qualified Chapter 7 Trustee (the "Trustee") in the bankruptcy case of JBJ Distributors, LLC (filed November 14, 2023). The Trustee is in the process of collecting the assets of JBJ Distributors, LLC to be distributed to the debtor's respective creditors in accordance with the Bankruptcy Code. In that regard, the Trustee is charged with the duty to pursue claims and causes of action for the benefit of all creditors.

The Trustee has undertaken a preference analysis and according to his review of the Debtor's available books and records, you were paid the sum of $49,788.00 (the "Preference"), as detailed on the attached Exhibit A. The payment of the Preference occurred within one year of the commencement of the bankruptcy case (the "Petition Date").

Under Sections 547(b) and/or 548 of the Bankruptcy Code, the Transfers you received are avoidable. Demand is hereby made for you to return the Transfers by paying that full amount to the Trustee. You should deliver the payment by making it payable to Stephen J. Zayler, Trustee and forwarding it directly to my office at the above address.

When your payment of the total transfer amount is received by my office and after it clears the Trustee's account, you may be entitled to file an unsecured claim against the JBJ bankruptcy estate *if* the Transfers were preferential; but not if the Transfers were fraudulent. It is your sole responsibility to timely file any proof of claim for any part of the Transfers that are both 1) returned to the Trustee, and 2) a "preference" under the Bankruptcy Code.

In the event of litigation, the full amount of the Preference will be sought. The Trustee will also ask the Court to charge you with interest, costs, attorneys' fees and the value of any other possibly avoidable transfer. Presumably, you will also have to incur and pay additional fees and expenses for your attorney.

No further notice will be sent to you before the Trustee files suit in the Bankruptcy Court for the Eastern District of Texas to recover this preferential payment(s).


EXHIBIT 2

If you do not pay the amount demanded in this letter, the Trustee will wait at least thirty (30) days from the date of this letter to allow you to contact me to amicably resolve this matter before filing suit. Of course, if you believe you have a valid defense to the Preference, that defense should be stated in a response to me, properly documented and reasonably established by the evidence you provide. All responses and asserted defenses to this demand should be sent to me.

I encourage you to contact me as soon as possible with any potential settlement offers to avoid the cost and expense of litigation.

Sincerely,

Charles E. Lauffer, Jr.
Attorneys for Stephen J. Zayler, Chapter 7 Trustee

CEL/rr
Enclosures – Exhibit A – List of Payments within Preference Period.

## EXHIBIT A

| Date | Amount | Description |
|---|---|---|
| 07/27/2022 | $3,000.00 | Owner Draw |
| 08/05/2022 | $3,000.00 | Owner Draw |
| 08/12/2022 | $8,000.00 | Owner Draw |
| 09/02/2022 | $4,000.00 | Owner Draw |
| 10/13/2022 | $3,500.00 | Owner Draw |
| 11/19/2022 | $5,288.00 | Owner Draw |
| 12/27/2022 | $2,000.00 | Owner Draw |
| 1/28/2023 | $5,000.00 | Owner Draw |
| 02/24/2023 | $5,000.00 | Owner Draw |
| 04/15/2023 | $6,000.00 | Owner Draw |
| 07/08/2023 | $5,000.00 | Owner Draw |
| **TOTAL:** | **$49,788.00** | |